# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3685 | **DATE** | 12/18/2002 |
| **CASE TITLE** | Allied Van Lines Inc. vs. Jay Time Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Allied's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Allied and against Defendants in the principal amount of $10,435.83, plus pre-judgment interest in the amount of $656.84.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: WAP

date docketed: DEC 19 2002

IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 18 2002

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| ALLIED VAN LINES, INC., | |
| Plaintiff, | Case No. 02 C 3685 |
| v. | |
| JAY TIME, INC., d/b/a CALIFORNIA HEALTH PRODUCTS, SANFORD KAYE, and ELIZABETH KAYE, | Hon. Harry D. Leinenweber |
| Defendants. | |

DOCKETED
DEC 19 2002

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Allied Van Lines, Inc.'s ("Allied") Motion for Summary Judgment against Defendants Sanford and Elizabeth Kaye (the "Defendants") pursuant to Federal Rule of Civil Procedure 56.

### BACKGROUND

The material facts are undisputed. Allied is an interstate motor carrier of household goods and furnishings. On or about August 16, 2001, Defendant Jay Time, Inc. ("Jay Time") sent a letter to Allied's agent, Jackson Moving Services, Inc., authorizing the relocation of Defendants' household furnishings and property from Oak Brook, Illinois to Marina Del Rey, California. On or about August 24, 2001, Defendants entered into a Bill of Lading contract with Allied for the interstate

shipment of their personal property and household goods. The Bill of Lading designated Allied as the carrier and Defendants as the shipper. On or about September 5, 2001, Allied delivered Defendants' property to the designated address in Marina Del Rey, California. At that time, Defendants executed the Bill of Lading as consignee, acknowledging delivery of the goods and Allied's performance of its duties under the contract.

Allied's total tariff charges for the shipment of Defendants' property amounted to $10,435.83. To date, this sum remains unpaid by either Jay Time or Defendants, and Allied filed the instant action to collect the outstanding tariff charges. Jay Time never answered the complaint and default judgment was entered in favor of Allied and against Jay Time on November 13, 2002. Although Defendants have not responded to Allied's motion for summary judgment, they contend in their answer that Jay Time agreed to cover all charges related to the move and that they never intended to become liable for the charges incurred by signing the Bill of Lading as shipper and consignee.

## DISCUSSION

### Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001).

### Defendants' Failure to Respond to Motion for Summary Judgment

Because Defendants are not represented by counsel in connection with the instant summary judgment motion, Allied has complied with the requirements of Local Rule 56.2 and provided Defendants with a "Notice To Pro Se Litigants Opposing Summary Judgment," explaining in sufficient terms the purpose of a summary judgment motion, Defendants' obligations to respond and the consequences for failing to do so. *See* N.D. Ill. Local R. 56.2; *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). Despite receiving this notice, Defendants did not file a response to Allied's summary judgment motion. Under Federal Rule of Civil Procedure 56(e), "if the non-movant does not come

forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)(emphasis in original). As Defendants have not come forward with contradictory evidence, the Court accepts as undisputed Allied's properly supported statements of material fact contained in its Local Rule 56.1(a)(3) Statement of Uncontested Material Facts. The Court's task now becomes to determine whether "given the undisputed facts, summary judgment is proper as a matter of law." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

### *Allied's Motion for Summary Judgment*

As an interstate motor carrier of household goods, Allied is subject to the provisions of the Interstate Commerce Commission Termination Act of 1996, 49 U.S.C. § 13101 *et seq.* (the "Act"). Under the Act, a motor carrier like Allied is required to publish its rates for interstate transportation of household goods in a tariff filed with the Interstate Commerce Commission, and is required to charge and collect rates for transportation in strict accordance with the filed tariff. 49 U.S.C. § 13702(a)(2). The filed rate cannot be varied by a separate agreement of the parties, nor can payment of the rate

charged in accordance with the filed tariff be avoided by reason of equitable defenses. *See* 49 U.S.C. § 13702(c); *Maislin v. Primary Steel*, 497 U.S. 116, 127 (1990).

The Bill of Lading for Defendants' property, which incorporates by reference the applicable tariff rates, was signed by Elizabeth Kaye as shipper, and was again signed by Elizabeth Kaye as consignee acknowledging delivery of Defendants' property in Marina Del Ray, California. Section 3 of the Bill of Lading sets forth expressly the joint and several liability of the shipper and consignee for payment of applicable tariff charges, and also states that the extension of credit to a shipper or consignee for such charges will not discharge the obligation of that party to pay the tariff charges in the event the third party fails to pay such charges.

Here, the documents Defendants signed as shipper and consignee clearly set forth their liability for applicable tariff charges. Defendants may not avoid their liability to Allied for the tariff charges based on the fact that Jay Time may have made an independent agreement with Defendants to cover the costs of the move. *See United Van Lines, Inc. v. Zak*, 861 F.Supp. 61, 63 (S.D. Ill. 1994). Jay Time's possible liability to Defendants for the charges under an independent agreement is a wholly separate issue, and does not in any way preclude

summary judgment in Allied's favor when Defendants failed to controvert Allied's evidence that they signed the documents rendering them liable as shippers and consignees for the charges at issue. *Id.*

## CONCLUSION

For the reasons set forth above, Allied's Motion for Summary Judgment is **GRANTED**. Judgment is entered in favor of Allied and against Defendants in the principal amount of $10,435.83, plus pre-judgment interest in the amount of $656.84. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: November 18, 2002